### Robert Farley, Jr. *vs.* John M. Rodocanachi.

In an action of contract upon the defendant's agreement to sell the plaintiff's goods on commission, the plaintiff cannot recover for fraudulent representations of the defendant made as an inducement to the agreement, or for the defendant's conversion of the goods under claim of a lien for advances.

In an action upon an agreement to sell goods on commission, which the defendant contended was modified by a subsequent promise of the plaintiff to spend a certain sum in advertising the goods, the plaintiff undertook to testify in detail what was said by the parties in a conversation after the date of the original agreement. *Held,* that it was competent for the defendant to testify that, as a part of that conversation, the plaintiff said that he would spend that sum in advertising.

Contract for breach of an oral agreement of the defendant to remove his place of business from Boston to New York, and there assume, on commission, the sale of goods to be consigned to him by the plaintiff. The answer denied the making of any agreement, except as contingent on the defendant's success in making other arrangements concerning business, which he failed to conclude; and alleged neglect of the plaintiff to comply with a promise to expend a thousand dollars in advertising the goods.

At the trial in the superior court, before *Reed,* J., the plaintiff introduced evidence tending to show that he made such a contract with the defendant as he declared on, and that the defendant went to New York and there received goods of the plaintiff, and deposited them with an agent until he should remove his place of business from Boston, and made advances to the plain-

tiff on the goods, but afterwards gave notice to the plaintiff that he could not remove to New York, and demanded repayment of his advances ; and offered evidence concerning his damages, on which certain rulings were made to which exceptions were taken, which are now immaterial.

The defendant's evidence tended to prove, on the contrary, that any contract which he made with the defendant was contingent, as alleged in his answer, and that the contingency never occurred.

The plaintiff was examined as a witness concerning conversations had by him with the defendant both before and after the time of the making of the contract, and undertook to recite in detail what was said in the conversations. The defendant, being afterwards called as a witness, was permitted to testify, against the plaintiff's objection, " as a part of one of said conversations," that the plaintiff said that he would spend a thousand dollars, (which the defendant at that time advanced to him,) in advertising in New York.

" It appeared that, at the time when the defendant relinquished the agency of the plaintiff, he kept the goods in his hands as security for his advances, and that some of the goods were received by him after the advances were made; and the plaintiff asked damages on this account; but the judge instructed the jury that such damages, if any, could not be recovered in this action."

The plaintiff requested the judge to rule (among other things now immaterial) that, " if the defendant, before the contract was made, represented to the plaintiff that he was going to New York with his business permanently, and would take the plaintiff's business in connection with his own, and would personally represent it in New York, and the contract was made by the plaintiff, relying on that representation, the defendant would have to continue in the plaintiff's business until he had given the plaintiff reasonable notice of his intention to abandon it." The judge declined so to rule ; and instructed the jury " that the burden was upon the plaintiff to establish the fact that the contract was substantially as stated in his declaration, and if he had failed to do so the defendant would be entitled to a ver-

dict; and in committing the case to them instructed them to return specially whether they found the contract to be as contended by the plaintiff, or by the defendant. The jury returned a general verdict for the defendant; with a special finding that the contract was as contended by him; and the plaintiff alleged exceptions.

*R. Lund*, for the plaintiff.

*H. G. Hutchins*, for the defendant.

COLT, J. The finding of the jury in favor of the defendant renders it unnecessary to inquire into the accuracy of the several rulings which related to the damages that were to be assessed only in the event of a verdict for the plaintiff.

The defendant, in his examination as a witness, was properly permitted to testify to what was said to him by the plaintiff, as a part of one of the conversations deemed material by the plaintiff, a portion of which he had testified to; upon the familiar principle, that, when a part of a conversation or admission is introduced, the other side may prove all that was said.

The plaintiff cannot in this action recover for the fraud or false representations, if any, of the defendant, or for a conversion or unlawful detention of his property under the claim of a lien for advances. The action is upon a contract.

The jury found for the defendant, under instructions that the burden was upon the plaintiff to prove the contract substantially as stated in his declaration, and if he failed the defendant would be entitled to a verdict. They also stated, in answer to the court, that they found the contract as claimed by the defendant. These findings render it unnecessary to consider the further instructions given, or those asked by the plaintiff.

*Exceptions overruled.*