COMMONWEALTH *vs.* JAMES ARMSTRONG.

Suffolk. November 21, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Robbery — Evidence.*

If the defendant's counsel on an indictment for robbery puts in evidence the substance or effect of the charge made by the witness, a police officer, when he committed the defendant, it is competent for the Commonwealth to prove the exact words the witness used in making the charge.

INDICTMENT for robbery. At the trial in the Superior Court, before *Dunbar*, J., the defendant, after a verdict of guilty, alleged exceptions, the substance of which appears in the opinion.

*W. H. Baker,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth, was not called upon.

FIELD, C. J.   The defendant's counsel asked a police officer who arrested the defendant, and who was a witness for the Commonwealth, on cross-examination, " whether the charge he made against the defendant at the station-house when he committed him was not that of drunkenness, and the witness replied that it was." "Thereupon," as the exceptions recite, " the district attorney asked the witness to state what he said in making the charge, — to state the words he used." The court admitted the question, against the objection of the defendant, who excepted. The witness replied, "I told the lieutenant to book this man for drunkenness, and told him that a man had been knocked down and robbed, and this man corresponded to the description given." The defendant's counsel, having put in evidence the substance or effect of the charge made by the witness at the station-house, it was clearly competent for the Commonwealth to prove the exact words the witness used in making the charge. *Commonwealth* v. *Keyes,* 11 Gray, 323. *Commonwealth* v. *Goddard,* 14 Gray, 402. *Farley* v. *Rodocanachi,* 100 Mass. 427. *Dole* v. *Wooldredge,* 142 Mass. 161, 184.                    *Exceptions overruled.*