JOHN F. CUSICK *vs.* JAMES A. WHITCOMB.
JAMES A. WHITCOMB *vs.* JOHN F. CUSICK.

Suffolk.   January 11, 1899. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Evidence — Examination and Cross-examination.*

Where nothing is brought out on cross-examination which justice requires to be explained by further immaterial evidence, a question on re-direct examination to a witness as to what was said on the occasion in question is rightly excluded.

TWO ACTIONS OF CONTRACT.   Trial in the Superior Court, without a jury, before *Mason*, C. J., who found for the plaintiff in the first action and the defendant in the second; and the defendant in the first action and the plaintiff in the second alleged exceptions, which appear in the opinion.

*E. A. Perkins*, for Cusick.

*W. B. Grant*, for Whitcomb.

HOLMES, J.   These are cross actions, the first to recover one hundred and fifty dollars alleged to have been lent by Cusick to Whitcomb, the second to recover fifty dollars alleged to be due to Whitcomb from Cusick as the unpaid balance of two hundred dollars which Cusick was to pay Whitcomb in consideration of his agreeing to take milk for a fortnight from a person to whom Cusick had sold his milk business.   Whitcomb alleged that the one hundred and fifty dollars which Cusick called a loan was paid to him as part of this consideration.   A witness called by Whitcomb testified that Cusick said to Whitcomb, " Whitcomb, you will break up my trade," and that later in the day she learned what was meant.   On cross-examination she testified that she learned it from Whitcomb, and on being asked what she learned

she testified that she "learned of this two hundred dollar transaction." On re-direct examination the witness was asked what Whitcomb said. This was excluded, and an exception was taken. The judge who tried the case found for Cusick, and the case is here on the above exception.

It is argued that the cross-examination had opened the matter so far that Whitcomb was entitled to have the conversation, on the familiar principle recognized in many cases. *Dole* v. *Wooldredge*, 142 Mass. 161, 183, 184. *Commonwealth* v. *Armstrong*, 158 Mass. 78. But even assuming that the judge did not exclude the question upon a finding that it was intended to elicit independent and irrelevant matter, (*Commonwealth* v. *Russell*, 160 Mass. 8, 10,) the cross-examination hardly brought out more than the subject matter of the conversation with Whitcomb testified to in the direct examination, it did not put in any part of the words spoken, and furthermore the whole discourse was merely hearsay, the talk of a party in his own favor, and if objected to would not have been evidence for him if it had been let in. No admission of Whitcomb had been proved which it was desired to qualify, explain, or show in its entirety. No fact tending to impeach the witness had appeared, so that there was nothing to explain on that score. No ground had been furnished for an argument by Cusick that Whitcomb had attempted improperly to influence the witness, as in *Somerville & Easton Railroad* v. *Doughty*, 2 Zabr. 495, 500. The cross-examination simply had made a little clearer what already had been implied, that Whitcomb had declared that Cusick referred to the bargain which Whitcomb alleged and testified that he had made. This did not entitle Whitcomb as of right to go further and give in detail evidence which the judge could not have taken into consideration as helping to make out his case. See *Commonwealth* v. *Keyes*, 11 Gray, 323, 326.

*Exceptions overruled.*