COMMONWEALTH *vs.* CARL G. SMITH.

Suffolk.　November 3, 1952. — November 26, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Witness*, Redirect examination, Explanation of previous testimony. *Error*,
 Whether error harmful. *Practice, Criminal*, Exceptions: whether
 error harmful. *Evidence*, On redirect examination, Explanation of
 witness's previous testimony.

At the trial of an indictment for robbery, after the defendant in support
 of an alibi had introduced testimony by a witness on direct examina-
 tion that at the time of the robbery the defendant was driving the
 witness in an automobile to a place distant from the scene of the
 robbery and the witness on cross-examination had admitted making
 a statement on his arrival at that place that he had arrived there by
 bus, it was error prejudicial to the defendant to exclude on redirect
 examination of the witness testimony that he had made such false
 statement as to his arrival by bus because for personal reasons he
 did not wish it to be known at that place that the defendant had
 driven him there.

INDICTMENT, found and returned on June 7, 1951.

The case was tried in the Superior Court before *Buttrick*, J.

*Thomas E. Dwyer*, (*George H. Lewald* with him,) for the
defendant.

*John F. McAuliffe*, Assistant District Attorney, for the
Commonwealth.

COUNIHAN, J.　On an indictment for armed robbery the
defendant has been found guilty and sentenced.　The case
is here upon an exception of the defendant to a ruling of
the judge relating to evidence tending to support an alibi
of the defendant, principally relied upon by him in defence.

During the cross-examination of the defendant the as-
sistant district attorney inquired as follows: "ASSISTANT
DISTRICT ATTORNEY: You say you were driving Mongold
to Norfolk prison colony at the time of the robbery? THE
DEFENDANT: Yes I was. ASSISTANT DISTRICT ATTORNEY:

You know, don't you, that the records at the Norfolk prison colony show that Mongold told the authorities there that he arrived by bus? THE DEFENDANT: Yes I do. AS-SISTANT DISTRICT ATTORNEY: In the last few days you learned from your attorney that the records at Norfolk prison colony indicate that Mongold arrived by bus? THE DEFENDANT: No, I knew that two years ago because Mongold told me at the time that he told the officials that he came by bus." One Mongold, called as a witness for the defendant, testified on direct examination that at the time of the alleged robbery on March 1, 1949, the defendant was driving the witness in an automobile of the defendant to the Norfolk prison colony at Norfolk, a place considerably distant from the scene of the crime. If believed by the jury this would have tended to confirm the alibi of the defendant. On cross-examination the witness was asked by the assistant district attorney if he did not tell the clerk at the Norfolk prison, when he visited there on March 1, 1949, that he arrived there by bus and he answered "Yes." A pass, showing the visit of Mongold, with the notation on the back of it "bus" was introduced in evidence. There-upon on redirect examination Mongold was asked certain questions by counsel for the defendant and an offer of proof was made after the exclusion of one of the questions. The questions and the offer of proof were as follows: "COUNSEL FOR THE DEFENDANT: You have just testified that you told the authorities at Norfolk prison colony that you arrived there by bus. Now, how did you get from Boston to Nor-folk prison colony on March 1, 1949? THE WITNESS· I was driven there by the defendant Smith. COUNSEL FOR THE DEFENDANT: When you obtained a pass for admission at Norfolk prison colony did you say that you arrived by bus? THE WITNESS: Yes. COUNSEL FOR THE DEFENDANT: Did you arrive by bus? THE WITNESS: No. COUNSEL FOR THE DEFENDANT: Why, then, did you say that you arrived by bus? At this point the assistant district attorney ob-jected and the answer was excluded whereupon the defend-ant made an offer of proof as follows: 'If this witness is

allowed to answer this question he will say that a visitor to Norfolk prison colony, in obtaining a pass, must disclose his means of transportation and, if his arrival is by private car, must give the registration number and name of the operator of the vehicle and that the reason he told the official at Norfolk prison colony that he arrived by bus was to hide the fact that the defendant Smith, an exconvict, had driven him there because he did not want this information to be known to the institution for fear that it would militate against the parole of Mongold's son whose case was coming up before the parole board on that day.' The court still excluded the answer and the defendant saved his exception." This exception presents the only issue for us to decide.

We are of opinion that the failure of the judge to permit the witness to explain the inconsistent statements was error. There is no doubt that the scope of cross-examination, including to what extent the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown to a party by reason of too narrow restriction or too great breadth of inquiry. *Jennings* v. *Rooney*, 183 Mass. 577, 579. *Commonwealth* v. *Corcoran*, 252 Mass. 465, 486. It is equally true that the extent to which redirect examination of a witness may be directed as to matters not brought out in cross-examination is within the discretion of the judge. *Sullivan* v. *Brabason*, 264 Mass. 276, 285. *Commonwealth* v. *Galvin*, 310 Mass. 733, 748.

As a general rule, however, a witness may be required on redirect examination to explain testimony given by him on cross-examination. "Clearly a party has a right in redirect examination of a witness to ask an explanation of testimony given by him only in cross-examination or call his attention thereto as a basis for further evidence relating to the same subject, and may by proper inquiry afford an opportunity to explain, correct, or modify such previous statements." *Mahoney* v. *Gooch*, 246 Mass. 567, 570. This principle has been affirmed in *Commonwealth* v. *Klosek*, 262

Mass. 416, 420, and *Commonwealth* v. *Galvin*, 310 Mass.
733, 747. Compare *Commonwealth* v. *McCarthy*, 272 Mass.
107, 111–112. Unless the witness Mongold was permitted
to rehabilitate the testimony he gave on direct examination
by explaining the circumstances connected with his testi-
mony on cross-examination, he stood before the jury as an
inexcusable liar. Thus the effect of his direct testimony
which supported the alibi of the defendant would be utterly
destroyed.

This view is upheld by Professor Wigmore in his work on
Evidence (3d ed.) § 1044, where he says, ". . . the im-
peached witness may always endeavor to explain away the
effect of the supposed inconsistency by relating whatever
circumstances would naturally remove it. The contra-
dictory statement indicates on its face that the witness has
been of two minds on the subject, and therefore that there
has been some defect of intelligence, honesty, or impartiality
on his part; and it is conceivable that the inconsistency of
the statements themselves may turn out to be superficial
only, or that the error may have been based not on dis-
honesty or poor memory but upon a temporary misunder-
standing. To this end it is both logical and just that the
explanatory circumstances, if any, should be received."

The Commonwealth has argued that a witness has no
right to explain a false statement admitted by him as dis-
tinguished from inconsistent statements because of con-
fusion, mistake or misinformation. It cites, however, no
authority for its contention and we have found none. The
nearest approach to a solution of this question which we
have found appears in *Gould* v. *Norfolk Lead Co.* 9 Cush.
338. That case, it is true, involved a situation not entirely
analogous to the present one for there a witness was per-
mitted to testify that a prior witness had given a different
account in his testimony on a previous occasion. At page
347, however, Chief Justice Shaw said, "It is substantially
an impeachment of the credibility of the witness. It cannot
be used to prove the facts to be as stated by the witness on
the previous occasion; but merely to show that he then

gave a different account of the same transaction. This affects the value of his testimony. . . . The fact that he has stated the facts differently, shows either a failure of memory, that he has forgotten what he once knew, or else it shows a *want of integrity* [emphasis supplied], and either way it impairs the value of his testimony. . . . *After it has been shown, however, that the witness has made conflicting statements, he may be recalled for the purpose of explaining or reconciling them"* (emphasis supplied).

The refusal of the judge to permit the explanation of the witness was clearly prejudicial to the rights of the defendant and constituted reversible error.

*Exceptions sustained.*