COMMONWEALTH vs. PERRY HOLLYER.

Worcester.   June 15, 1979. — October 11, 1979.

Present: KEVILLE, ARMSTRONG, & DREBEN, JJ.

*Evidence*, Other offense. *Witness*, Cross-examination. *Practice, Criminal*, Argument by prosecutor.

At a criminal trial, the judge was not required to strike a witness's response which indicated that the defendant had committed a crime other than the one for which he was being tried where the response was elicited by defense counsel and was relevant to show the witness's state of mind. [429-431]

At a criminal trial, the judge did not abuse his discretion in allowing the Commonwealth to introduce in evidence a transcript of the victim's tape recorded interrogation by police officers where the defense counsel had questioned the victim extensively on the substance of his answers at the interrogation so as to show inconsistencies betwen the victim's testimony at trial and his statements to police and had also called as a witness one of the police officers who had interviewed the victim and questioned the officer concerning the transcript in a continued effort to bring out inconsistencies. [431-433]

Remarks by a prosecutor in his closing argument, while inappropriate, were not so prejudicial to the defendant as to constitute a substantial risk of a miscarriage of justice. [433]

INDICTMENT found and returned in the Superior Court on May 8, 1978.

The case was tried before *Garbose*, J., a District Court judge sitting under statutory authority.

*David H. Lamson* for the defendant.

*Lynn M. Turcotte*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was tried and found guilty on an indictment charging him with unnatural sexual intercourse with a child under sixteen, and compelling said

child to submit by force or threat of bodily injury, in violation of G. L. c. 265, § 22A. He appeals pursuant to G. L. c. 278, §§ 33A-33G.

On appeal, the defendant alleges three errors by the trial judge: (1) the refusal to strike an unresponsive answer of the victim which indicated prior similar conduct by the defendant with another youth; (2) the admission in evidence of a transcript of prior statements of the victim; and (3) permitting the prosecutor to make improper and prejudicial remarks in closing argument. There was no reversible error.

The Commonwealth's case was based entirely on the testimony of a young boy who at the time of trial in June, 1978, was almost fifteen years old. There was evidence before the jury from which they could have found the events set forth below. In December, 1976, when the boy was thirteen, he was placed under foster care in the Community Advancement Program (CAP) and was assigned to the defendant, who had previously sheltered more than one hundred and thirty boys for the program. On the second night that the boy was at the defendant's home, the defendant asked him to his bedroom, put a belt around the boy's neck, and forced him against his will to his knees to perform an act of fellatio. Thereafter, the boy went into the kitchen, spat in the sink, and returned upstairs to bed. The next morning the defendant grabbed the boy and told him "not to tell anybody or else he'd kill [him]." The boy testified that he was afraid of the defendant and did not inform any governmental authority until November, 1977. On cross-examination he stated that he did not mention the incident to anyone until May, 1977, when he told a sixteen year old boy.

The defendant took the stand and denied the story of the victim. The major thrust of the defense was an attempt to impeach the credibility of the boy.

1. *The unresponsive answer.* Defense counsel tried to show that the victim's story was incredible and a fabrication related after coaching by the police. He placed great

stress on the fact, appearing in the evidence at that junc-
ture of the trial, that the boy had told no one of the
incident until November, 1977. He questioned the boy at
length about his fear of the defendant, his fear of others,
and his failure to tell anyone of the events of December,
1976. He asked whether the boy continued to be afraid
after December, 1976, and whether he had told his proba-
tion officer. He asked the boy where he lived in January,
February, March and April of 1977 and elicited the re-
sponse that the boy did not know. When the boy answered
that he had lived at the YMCA during May, 1977, counsel
asked him if he had told anyone at the YMCA. The boy
answered, "Yes." Defense counsel continued and asked
whom he had told. The boy answered and gave a name of
a sixteen year old youth and started to tell what that
youth had told him. Counsel next asked whether he had
told the youth of the purported experience of December,
1976. The victim answered, "Yes, because he almost had
the same experience with Perry Hollyer also."

The defendant moved to strike the response, the judge
refused, and the defendant excepted. The defendant
claims error in the failure of the judge to strike the boy's
response.

While evidence of a distinct crime, unconnected with
the one for which the defendant is indicted, cannot be
received to prove that the defendant is guilty of the crime
for which he is standing trial (e.g. *Commonwealth* v. *Wel-
come*, 348 Mass. 68, 70-71 [1964]), such evidence is admis-
sible for other relevant probative purposes. *Common-
wealth* v. *Chalifoux*, 362 Mass. 811, 815-816 (1973). Here,
the victim's fear of the defendant was explanatory of his
long silence and his reluctance to tell the authorities. His
response concerning his companion at the YMCA pro-
vided an explanation as to why the victim told only that
person and not others and bore on the issue of his silence.
See *Commonwealth* v. *Chalifoux*, 362 Mass. at 816; *Com-
monwealth* v. *Campbell*, 371 Mass. 40, 42-43 (1976);
Fed.R.Evid. 404(b) and proposed Mass.R.Evid. 404(b).

The response was made in the context of persistent questioning by defense counsel concerning the victim's failure to report the incident and the extent to which he was coached by the police, and in such context was certainly not irrelevant. The judge was, therefore, not bound to strike it. *Nelson* v. *Hamlin*, 258 Mass. 331, 341 (1927).

The trial judge has broad discretion in passing on admissibility of evidence of this type. See *Commonwealth* v. *Burke*, 339 Mass. 521, 534 (1959). In this case, the evidence was not introduced by the Commonwealth. See *Commonwealth* v. *Richards*, 363 Mass. 299, 309 (1973). It was elicited during cross-examination by the defense in a context in which it should have been apparent that continued interrogation, after the witness mentioned his conversation with his coresident at the YMCA, risked eliciting the very sort of answer the victim gave. See *United States* v. *Cain*, 544 F.2d 1113, 1117 (1st Cir. 1976). In these circumstances, we do not believe the judge was required to strike the response.

If the defendant had wanted the evidence restricted in purpose to show the victim's state of mind and not to show the truth of the statement, he should have sought limiting instructions. *Commonwealth* v. *Pinnick*, 354 Mass. 13, 16-17 (1968). *Commonwealth* v. *Carroll*, 360 Mass. 580, 588 (1971). *Commonwealth* v. *Roberts*, 378 Mass. 116, 126 (1979). See Fed.R.Evid. 105 and proposed Mass.R.Evid. 105.

2. *The November, 1977, transcript.* In his attempt to attack the credibility of the victim, defense counsel questioned the boy at length about statements he had made to the Fitchburg police during an interview in November, 1977. The interrogation by the police had been tape recorded and transcribed, and counsel tried to show inconsistencies between the victim's testimony at trial and his statements to the police. He read numerous questions and answers from the transcript to the witness and questioned him extensively on the substance of other questions and answers. In addition, defense counsel called as

a witness one of the two officers who had interviewed the victim, and questioned the officer concerning the transcript in a continued endeavor to show that several portions of the victim's present testimony were inconsistent with his earlier statements. The police officer testified that the transcript was an accurate transcription of the tape recorded interview. Over the defendant's exception, the Commonwealth introduced the transcript in evidence.

There was no error. The trial court has discretion with respect to the admission of such statements, and we find no abuse of such discretion. *Commonwealth* v. *Hoffer*, 375 Mass. 369, 375 (1978). See *Commonwealth* v. *Smith*, 329 Mass. 477, 479-480 (1952). See also *Commonwealth* v. *Watson*, 377 Mass. 814, 824-836 (1979). "Where, as here, portions of prior statements are the subject of cross-examination and the prior consistent testimony sought to be introduced is itself contained in the prior statements and places the cross-examination concerning the prior statements in context, it is not error to admit the consistent testimony." *Commonwealth* v. *Hoffer, supra* at 376. See proposed Mass.R.Evid. 106. Cf. Fed.R.Evid. 106. Defense counsel attempted to discredit the witness by suggesting that his story was inconsistent with his prior statement and was of recent fabrication. We cannot say it was error to allow the introduction of the statement to reestablish the credibility of the witness. *United States* v. *Goodson*, 502 F.2d 1303, 1307 (5th Cir. 1974). See *Commonwealth* v. *Walker*, 370 Mass. 548, 570-571, cert. denied, 429 U.S. 943 (1976). See also *Commonwealth* v. *Armstrong*, 158 Mass. 78, 79 (1893). Portions of the transcript were also admissible to round out or complete what the witness had said at the time of the interview. *Commonwealth* v. *Watson, supra* at 828-834. 7 Wigmore, Evidence § 2114(4) (3d ed. 1940). If the defendant had wished to excise some of the statements, he should have made a more specific request that the objectionable portions be deleted. *Orr Felt & Blanket Co.* v. *Sherwin Wool Co.*, 248

Mass. 553, 558 (1924). *Oehme* v. *Whittemore-Wright Co., Inc.,* 279 Mass. 558, 565-566 (1932). Not having done so, and not having asked for limiting instructions, he cannot now properly complain.

Moreover, after an examination of the statement, we conclude that, in the context of the victim's graphic testimony at trial, the defendant was probably not prejudiced by the introduction of the transcript. Most of the material was covered in cross-examination. The small portion of the transcript which was not so covered and which in the abstract could be considered to be prejudicial was of little consequence when viewed in light of the testimony at trial and the statements in the interview relating to the main incident which were made by the same witness. We feel "safe in concluding on the whole that it is highly probable the jury would have voted the same way" if the portions relating to collateral matters had been excised. See *Commonwealth* v. *Richards,* 363 Mass. at 309-310.

3. *Prosecutor's closing argument.* The remaining alleged error relates to the remarks by the prosecution about the defendant which are set forth in the margin.[1] The defendant made no objection and, accordingly, the only question before us is to determine whether there may be a substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). *Commonwealth* v. *Roberts,* 378 Mass. at 122-123. While the remarks may have been inappropriate, see *Commonwealth* v. *O'Brien,* 377 Mass. 772, 777-778 (1979), we believe in the context of the whole trial there was no such risk.

*Judgment affirmed.*

---

[1] "[W]hat does he do? . . . He takes little boys home with him, spends all his time with little boys — a man of that age. Does that sound right to you? Put it together."