ADOPTION OF KENNETH. No. 91-P-132. October 29, 1991. *Adoption*, Dispensing with parent's consent. *Evidence*, Hearsay, Report of licensed social worker.

On September 4, 1987, the Department of Social Services (department) filed a petition in the Boston Juvenile Court for care and protection (G. L. c. 119, § 24) of Kenneth, a boy approximately two months old. Temporary custody was granted to the department on that date. On December 11, 1987, the court found the child to be in need of care and protection and granted permanent custody to the department. On June 10, 1988, the department filed a petition in the Probate and Family Court in Middlesex County to dispense with consent to adoption (G. L. c. 210, § 3). After a trial, the judge filed findings of fact and conclusions of law. He allowed the department's petition and released Kenneth forthwith for adoption. The mother appealed from the judgment.

1. *Admission of certain documents.* At trial, over the mother's objection, the department introduced the following: (1) a report under G. L. c. 119, § 51A, of suspected abuse and neglect, (2) the investigation report which the department is required to make under G. L. c. 119, § 51B, in response to a § 51A report, (3) a G. L. c. 210 service plan for the child, and (4) the guardian ad litem report. The mother claims that the judge committed error in allowing in evidence documents (1), (2), and (3) under the business records exception to the hearsay rule. G. L. c. 233, § 78. That argument is without merit because even if the documents were inadmissible as business records, they were admissible under the official records exception to the hearsay rule. *Adoption of George*, 27 Mass. App. Ct. 265, 271-272 (1989).

The mother's objection to the admission of the guardian ad litem report is also without merit. *Gilmore* v. *Gilmore*, 369 Mass. 598, 604-605 (1976).

2. *The admission of hearsay evidence.* The mother contends that even if the documents were properly admitted under the official·records exception

to the hearsay rule, portions of the documents were inadmissible because they did not contain "primary facts" but rather "evidence of discretion, judgment and opinion."

When a party objects to the admission of a document on the ground that portions of it contain inadmissible material, the objection must be specific; a general objection is not sufficient. *Oehme* v. *Whittemore-Wright Co. Inc.*, 279 Mass. 558, 565-566 (1932). *Krinsky* v. *Whitney*, 315 Mass. 661, 673 (1944). *Commonwealth* v. *Hollyer*, 8 Mass. App. Ct. 428, 432 (1979).[1]

Here, the mother made a general objection to the admission of the documents and did not make specific objections to the portions she thought to be inadmissible. Accordingly, because portions of the documents were generally admissible, and because the mother failed to make the required specific objection, we need not consider the issue raised by her.

In any event, many of the portions objected to on appeal were admissible. The author of the § 51B report, a licensed social worker, testified and was available for cross-examination by the mother. Therefore, statements contained in her report that might arguably be characterized as opinion or judgment were properly received by the judge. See *Custody of Michel*, 28 Mass. App. Ct. 260, 265-266 (1990). Similarly, the person who authored the c. 210 plan also testified and was subject to cross-examination.[2] "To the extent that the source of information in a document of the sort here in question is available for cross-examination, more leeway may be afforded material that smacks of opinion, evaluation, or judgment." *Adoption of George*, 27 Mass. App. Ct. at 272-274. The fact that the various reports contained second level or "totem pole" hearsay does not control because "[t]he cases draw no distinction between levels of hearsay." *Custody of Michel*, 28 Mass. App. Ct. at 266.

---

[1]Once a specific objection is made, if the judge rules that portions of the document are inadmissible, it then becomes the duty of the party offering the document to make the appropriate deletions before placing the document in evidence.

In *Custody of Michel*, 28 Mass. App. Ct. 260, 265 (1990), the parents complained on appeal about the admission in evidence of certain portions of the report of the investigator appointed pursuant to G. L. c. 119, § 24, as appearing in St. 1983, c. 182. We said that "[i]t may be a sufficient response [to the parents' claim] to observe that the record reflects no effort to redact the [investigator's] report." We nonetheless considered the parents' claim in some detail. In practice, however, it is the duty of the party offering the document to redact the document if the judge rules that a portion of it is inadmissible.

[2]The mother argues that some statements in the plan were inadmissible because they were based on hospital records and the author of those statements did not testify at the trial. However, those hospital records were admitted in evidence without objection and, therefore, could be considered by the judge.

3. *Conclusion.* In sum, we have reviewed the issues raised by the mother on appeal. We hold that they do not have merit. We also note that the judge's findings were supported by clear and convincing evidence.

*Judgment affirmed.*

*M. David Blake* for the mother.

*Steven K. Berenson,* Assistant Attorney General, for Department of Social Services.