**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nicolas ZUNIGA–LARA,
Defendant-Appellant.**

**No. 77–5740
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 7, 1978.

David R. Rosado, El Paso, Tex. (Court-appointed), for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Nicolas Zuniga-Lara appeals from his conviction, following a jury trial, of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The trial court sentenced him to two years' imprisonment with a special parole term of five years. The defendant's appeal presents but one issue: did the trial court correctly admit into evidence prior consistent statements allegedly made by a government witness?

Zuniga-Lara is an inmate at La Tuna Federal Correctional Institution, La Tuna, Texas. On March 20, 1977, correctional officers found marijuana in his locker next to his bed in an inmate dormitory. Correctional Officer Adolfo Costello testified on direct examination at trial that after Zuniga-Lara's apprehension and while en route to incarceration in a different cell, the defendant stated to him in Spanish: "You have twisted me now. Tell me who fingered me." Because the crucial issue at trial was whether the defendant knew the marijuana was in his locker, Zuniga-Lara's counsel vigorously sought on cross-examination to discredit Costello's testimony, in part by pointing out that Costello made no reference to the defendant's alleged statement in Costello's written report. The Government then called Correctional Officer John Paul Viel, who testified that Costello had told him that the defendant had asked Costello: "Who put the finger on me?" Zuniga-Lara's counsel objected on the ground that the testimony was hearsay, but the trial court overruled the objection.

Officer Viel's testimony was not hearsay. Fed.R.Evid. 801(d)(1)(B) provides:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . .

Officer Costello, the declarant, testified at trial and was subject to cross-examination, and the Government offered the testimony of Officer Viel concerning Costello's prior consistent statement to rebut a charge against Costello of recent fabrication. Viel's testimony thus falls squarely within the ambit of Rule 801(d)(1)(B). *See also United States v. Rodriguez*, 5 Cir., 1975, 509 F.2d 1342, 1347 n. 2; *United States v. Goodson*, 5 Cir., 1974, 502 F.2d 1303, 1307; *United States v. Bays*, 5 Cir., 1971, 448 F.2d 977, 979, *cert. denied*, 405 U.S. 957, 92 S.Ct. 1186, 31 L.Ed.2d 234 (1972).

AFFIRMED.