UNITED STATES of America,
Plaintiff-Appellee,

v.

Vernon Clifford ALLEN,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph ALLEN, Jr., Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Vera MITCHELL, Defendant-Appellant.

Nos. 77–3619, 77–3541 and 77–3540.

United States Court of Appeals,
Ninth Circuit.

Aug. 2, 1978.

Robert L. Butler, Seattle, Wash., Edward S. Winskill, of Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, Tacoma, Wash., William J. Bender, Asst. Federal Public Defender, Seattle, Wash., for defendants-appellants.

Christine McKenna, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before TRASK and SNEED, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Appellants were convicted of armed bank robbery, in violation of 18 U.S.C. § 2113. The defendants make two arguments on appeal. The first is that the court erred in admitting the prior consistent statement of a witness. The second argument is that the court erred in failing to instruct the jury that the testimony of an admitted perjurer should be distrusted. We affirm.

## I. Prior Consistent Statement

The government's key witness, Marie Donaldson, was an accomplice. She made two different statements about the bank robbery prior to trial. In the first statement she told FBI Agent Thomas Ernst that she had participated in the robbery. She implicated the appellants. Later, shortly before the trial, she told defendant Joseph Allen's attorney that she had lied in her statement to the FBI and that she actually had no connection with the robbery. At trial, the government attorney's opening statement made no mention of either prior statement. The defense attorneys for Vera Mitchell and Joseph Allen introduced the subject of Donaldson's prior statements in their opening statements. Joseph Allen's attorney argued that Ms. Donaldson would testify falsely at this trial in order "to save her own neck. . . ." (Tr. 112).

On direct examination, Ms. Donaldson implicated the appellants. The government attorney then asked Ms. Donaldson about the inconsistent statement she gave to Joseph Allen's attorney. She testified that the statement was false and that she had made it because she was scared of going to jail and did not want to put anyone else in jail. Tr. 159. She was not questioned about the earlier statement to FBI Agent Ernst.

On cross-examination, Ms. Donaldson was questioned extensively about her prior statements. She testified primarily about the content of the sworn affidavit she gave to Joseph Allen's attorney, in which she denied any involvement in the bank robbery. The affidavit was read to the jury (Tr. 187–88) and was admitted as a defense exhibit (Tr. 195). The basic content of this sworn statement was to retract the statement previously given to the FBI.

 The government later introduced the testimony of Agent Ernst. Ernst testified about the statement which Ms. Donaldson made to him on May 13, 1977. The government contends that this is admissible evidence of a prior consistent statement to rebut an implied or express charge of recent fabrication or improper motive. Fed.R.Evid. 801(d)(1)(B). The appellants argue that it was the government that first introduced evidence of the inconsistent statement and that it should not be allowed to "bootstrap" a prior consistent statement into evidence by first introducing a prior inconsistent statement.

This is not a situation where the government has simply attempted to bolster the testimony of a witness on direct examination. The government raised the issue of the prior inconsistent statement, as it was entitled to do under Fed.R.Evid. 607. The government, however, did not use this "impeachment" as the basis for introducing the prior consistent statement. An attempt to do so would not have satisfied the requirement that there be an express or implied charge of recent fabrication or improper motive. Fed.R.Evid. 801(d)(1)(B).

In this case the defense attorneys did exactly what they stated that they would do in their opening statements: they sharply attacked the credibility of Marie Donaldson. They contended that her testimony on direct examination was the result of an attempt to avoid criminal prosecution. They introduced the prior inconsistent statement to support this contention. In

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

addition, she was questioned about her grant of immunity and receipt of expense payments from the government.

This is the classic situation in which evidence of a prior consistent statement is allowed into evidence. *Hanger v. United States*, 398 F.2d 91 (8th Cir. 1968), *cert. denied* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969). Agent Ernst was entitled to testify about the content of Donaldson's statement to him on May 13, 1977. With this testimony, the jury was more able to evaluate the credibility of Donaldson's story to determine whether her testimony at trial was truthful.

*II. Jury Instructions*

■ In examining the jury instructions as a whole, it is clear that there was no prejudicial error in failing to instruct the jury that the testimony of an admitted perjurer should be considered with great care and caution. The trial judge gave a general instruction on witness credibility (R. 156), an instruction that the testimony of an immunized witness should be examined with greater than ordinary care (R. 157), an instruction on impeachment by prior inconsistent statements (R. 158), an instruction on impeachment by prior conviction (R. 180), and an instruction that the testimony of informers and accomplices should be considered with greater than ordinary care (R. 177).

The instructions by the court sufficiently covered the subject of judging the credibility of Donaldson's testimony. *United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974), *cert. denied* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). Even if the trial court erred in failing to give the requested instruction, the error was not prejudicial. The jury was made well aware of the issue of Donaldson's credibility and that her testimony should be considered with caution.

The judgment is affirmed.