UNITED STATES

v.

Jon A. COTTRIEL, 533 74 1069,
Aviation Electronics Technician
Second Class (E–5), U.S. Navy.

NMCM 85 1532.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 25 Sept. 1984.

Decided 19 Sept. 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LTCOL Stephen S. Mitchell, USMCR, Appellate Government Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and DECARLO, JJ.

MITCHELL, Judge:

The appellant was convicted of sodomy with a four year old girl and sentenced to a dishonorable discharge, three years confinement and other punishment. Upon consideration of the record of trial and counsel briefs we affirm the findings and sentence.

Appellant claims that it was improper for the military judge to permit the victim's father to testify about the contents of a prior consistent statement the victim had made to him since the statement was not made prior to a motive to fabricate or the existence of an improper influence alleged to form the basis of taint. There is no requirement in Mil.R.Evid. 801(d)(1) that the prior consistent statement precede the occurrence of the tainting influence. *United States v. Sandoval,* 18 M.J. 55, 63 (C.M.A.1984). Moreover, the record clearly establishes that the statement was, in fact, made by the victim to her father prior to the father's expression of anger, alleged to be the tainting influence, and otherwise met the Mil.R.Evid. 801(d)(1)(B) test as a prior consistent statement. Appellant's claim that a prior consistent statement can-

not be proved by means other than the testimony of the declarant was not raised by objection at trial and is therefore waived. Furthermore, while there is some meager support for this claim,[1] the clear weight of authority is that the declarant need only testify at trial and be subject to cross-examination concerning the statement, while the statement itself can be proved by other means. *See United States v. McGrath,* 558 F.2d 1102 (2d Cir.1977), *cert. den.,* 434 U.S. 1064, 98 S.Ct. 1239, 55 L.Ed.2d 765 (1978); *United States v. Provenzano,* 620 F.2d 985 (3rd Cir.1980), *cert. den.,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Dominguez,* 604 F.2d 304 (4th Cir.1979), *cert. den., sub nom.; Sarmiento v. United States,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 644 (1980); *United States v. Zuniga-Lara,* 570 F.2d 1286 (5th Cir.1978), *cert. den.,* 436 U.S. 961, 98 S.Ct. 3080, 57 L.Ed.2d 1128 (1978); *United States v. Lanier,* 578 F.2d 1246 (8th Cir.1978), *cert. den.,* 439 U.S. 856, 99 S.Ct. 169, 58 L.Ed.2d 163 (1978); *United States v. Allen,* 579 F.2d 531 (9th Cir.1978), *cert. den., sub nom.; Mitchell v. United States,* 439 U.S. 933, 99 S.Ct. 326, 58 L.Ed.2d 329 (1978). *United States v. West, supra* note 1, holds a contrary view of the counterpart federal civilian rule. This Court has, by implication, upheld the use of a prior consistent statement proved by the testimony of a third party. *United States v. Goodyear,* 14 M.J. 567 (N.M.C.M.R.1982). The assignment is rejected.

■ Appellant also complains that the military judge erred by permitting a social worker to testify about a statement the victim made to her. The victim's mother was referred by a physician's assistant at the dispensary to the social worker, who was employed at the Sex Abuse Treatment Center at Kapiolani Children's Medical Center, for psychiatric help with nightmares the victim was having, apparently as a result of the sodomy. The social worker, Ms. Ramelli, was employed as part of the interdisciplinary approach now rather common in incest, rape, and molestation cases. Ms. Ramelli was utilized in screening child sex victims to determine what medical treatment and psychological and sociological counselling services were needed and whether medical treatment or long-term psychological counselling beyond the Center's resources were needed. Where necessary, Ms. Ramelli refers the victim and/or family to a medical doctor, psychiatrist or psychologist. The course and locus of treatment was premised initially on the initial screening interview Ms. Ramelli conducted with the victim. Ms. Ramelli patently operated in a medical setting, screened cases for medical professionals, providing them with a briefing of her interviews and insights, and provided therapy herself in the form of psychological counselling.

Mil.R.Evid. 803(4) and its Federal counterpart contain no language which strictly limits its applicability to physicians. All that is required is that the statement be for the purposes of medical diagnosis or treatment. *See United States v. Deland,* 16 M.J. 889, 890 (A.C.M.R.1983), *pet. granted,* 17 M.J. 313 (C.M.A.1984). The diagnostic treatment process in child sex abuse and some other cases touching on the behavioral disciplines has relatively recently been lengthened to include the social and psychological factors necessary to give a total picture of the patient. The need to do so is especially acute in cases which by their nature include, or may include, physical, sociological and psychological trauma. Mil.R.Evid. 803(4) permits consideration of a statement, otherwise hearsay, made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the

---

1. *See United States v. Sandoval,* 18 M.J. at 62, n. 5 [Court of Military Appeals noting that some *question* exists as to whether a prior consistent statement can be proved only by the declarant.] *See also, United States v. West,* 670 F.2d 675 (7th Cir.1982).

 

cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. We see no reason for the law to ignore the practical aspects of the extant medical treatment systems and procedures in giving effect to the rule. *See* Drafters Analysis, Mil.R.Evid. 803(4). We reject the assignment.

The appellant's claim that the sentence is disproportionate is also rejected.

Senior Judge COUGHLIN and Judge DECARLO concur.