**UNITED STATES, Appellee,**

v.

**Private First Class Harold L. J. HANES, 528–96–7876, United States Army, Appellant.**

**CM 447582.**

U.S. Army Court of Military Review.

12 Dec. 1985.

For Appellant: Major Stephen R. Dooley, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Jan M. Wamsted, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant pled guilty to three specifications of distribution of Lysergic Acid Diethylamide (LSD) and to one specification of distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983). He was sentenced to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to Private E–1.

Appellant asserts that the military judge erred by admitting, during presentencing, three documents into evidence which established: (a) appellant's civilian conviction for conspiracy to sell LSD; (b) the similar conviction of appellant's wife for conspiracy to sell LSD; and, (c) appellant's conviction for possession of cocaine. The conviction of appellant and his wife for conspiracy to sell LSD, as well as appellant's conviction for possession of cocaine, relate to offenses which were committed at dates later than three of the offenses of which appellant was convicted in the case at bar.

At trial appellant objected to the admission of three documents reflecting civilian convictions on the following grounds: lack of relevancy of the record of his wife's conspiracy conviction; failure of all three documents to qualify as prior convictions under Rule for Courts-Martial [hereinafter cited as RCM] 1001(b)(3)(A); and the prejudice which appellant would suffer from consideration of the documents, particularly that portion which reflected the sentence received by appellant and his wife for the offenses therein identified.

We agree with appellant that the second document contained in Prosecution Exhibit 5, identified as a Judgment and Probation/Commitment Order, and pertaining to the conviction and sentencing of Annette Hanes for conspiracy, does not qualify for admission as evidence of a prior conviction of the accused within the meaning of RCM 1001(b)(3). We will take action to correct this error.

We find that the two remaining documents, which establish appellant's conviction and sentencing for conspiracy to sell LSD and for possession of cocaine, do qualify as evidence of prior convictions within the meaning of RCM 1001(b)(3).

We have consistently opined that the President intended to greatly expand the types of information that could be presented during the presentencing proceedings of courts-martial, and that RCM 1001 was drafted and adopted to permit "the presentation of *much the same information* to the court-martial *as would be contained in a presentence report....*". *United States v. Harrod*, 20 M.J. 777, 779–780 (A.C.M.R. 1985); *United States v. Green*, 21 M.J. 633 (A.C.M.R.1985).

Federal Rule of Criminal Procedure [hereinafter cited as Fed.R.Crim.P.] 32(c)(2), for example, provides in part that the presentence report shall contain "any prior criminal record of the defendant." Fed.R.Crim.P. 32(c)(2)(A). Although RCM 1001(b)(3) is not this broadly worded, it is quite apparent that RCM 1001(b)(3) basically authorized admission, during presentencing proceedings, of any conviction of an accused that occurred prior to the time that sentencing proceedings commenced. *See generally* Manual for Courts-Martial, United States, 1984, App. 21, part II, RCM 1001

(Analysis refers with approval to Fed.R. Crim.P. 32). Accordingly, we agree with the opinion of Chief Judge Hodgson of the U.S. Air Force Court of Military Review in *United States v. Allen*, 21 M.J. 507 (A.F.C. M.R.1985), wherein he concluded that convictions are admissible as prior convictions, under RCM 1001(b)(3)(A), even when the offenses contained therein were committed at dates later than those charged at the trial in which they were offered.[1]

Thus, we find the assignment of error as it pertains to Prosecution Exhibit 6 and that portion of Prosecution Exhibit 5 that establishes appellant's prior conviction for conspiracy to sell LSD to be without merit.

The findings of guilty are affirmed.

Reassessing the sentence on the basis of the error noted, and the entire record, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for 6 years and 9 months, forfeiture of all pay and allowances, and reduction to Private E–1.

Judge CARMICHAEL and Judge ROBB-LEE concur.

---

1. Applying the balancing test of Military Rule of Evidence 403 to the contents of Prosecution Exhibit 6 and to that portion of Prosecution 5 that pertains to appellant (and not to his wife), we conclude that the probative value of this evidence substantially outweighs any danger that its admission might pose to appellant's fair trial rights. Moreover, the scope and character of appellant's criminal drug activities, as reflected in this evidence of prior convictions, clearly had relevance in assisting the military judge in his search for the type of sentence best suited to facilitate appellant's long-term rehabilitation and deterrence.