UNITED STATES of America

v.

Cornel T. MONTAGUE, Appellant.

No. 91–3012.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 9, 1992.

Decided March 10, 1992.

As Amended April 9, 1992.

erred both procedurally and substantively. As we find no error in the statement's admission, or in any other particular, we affirm the convictions.

## I. BACKGROUND

On April 5, 1990, a federal grand jury returned an indictment charging Montague with unlawful possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii)(1) and use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(2). A superceding indictment on May 31, 1990, added conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(C). In a three-day trial beginning July 30, 1990, the government introduced evidence from Moses Rustin, an original co-defendant of Montague, who had entered a plea of guilty to possession of unregistered firearms. After Rustin's testimony and cross examination by Montague's counsel, the government called Officer Culver of the Metropolitan Police Department, who testified that Rustin, on the night of his arrest, waived his rights and gave the police a statement of the same facts to which he testified at Montague's trial. Montague entered timely objection to the admission of the statement.

On appeal Montague argues that the District Court erred in admitting the statement in the first instance, and in admitting it through the testimony of a witness other than the maker of the statement in the second instance. For reasons we will set forth more fully below, we find that the statement was fully admissible under Federal Rule of Evidence 801(d)(1)(B).

Defendant also argues that the court erred in the limitations placed on the cross examination of an expert witness. As that objection warrants little discussion, we reserve the relevant background facts to the section of our opinion discussing the application of the law.

## II. ANALYSIS

A. *The Admission of Rustin's Pre-trial Confession*

Although Rule 801 of the Federal Rules of Evidence defines hearsay in traditional

Mary E. Davis, Washington, D.C., for appellant. Arthur Marc Levin, Washington, D.C., (appointed by the Court) was on the brief, for appellant.

Kristan Peters–Hamlin, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before: WALD, SILBERMAN, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

Separate opinion filed by Circuit Judge WALD, concurring in the result and dissenting in part as to the rationale.

SENTELLE, Circuit Judge:

Cornel Montague appeals from a judgment of conviction on three drug-related charges. He asserts that in the admission of a prior consistent statement by a government witness, the District Court

terms as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," Rustin's confession is not hearsay. The Rule goes on to declare that "[a] statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive...." Rule 801(d)(1)(B). The District Court admitted Rustin's prior consistent statement under this Rule, and did so properly, as the statement was offered to rebut an implied charge that Rustin fabricated his statement in the hope of receiving a lighter sentence for his plea of guilty to possession of unregistered firearms.

### 1. The Foundation

■ Montague argues that there was not a proper foundation to bring the statement within Rule 801(b). He asserts that there was no express or implied charge of recent fabrication, or improper influence or motive to be rebutted. The government rightly counters that defendant's trial counsel, during her cross examination of Rustin, questioned him concerning his guilty plea and his hope for leniency. We agree with the trial judge that this constitutes at the very least an "implied charge ... of ... improper ... motive," as required by Rule 801(d)(1)(B). The record bolsters our confidence in this conclusion by disclosing that the United States offered to withhold tender of the prior statement if the trial counsel would agree not to argue in closing to the jury that Rustin hoped by his testimony to influence the sentencing judge toward leniency. Trial counsel declined the government's offer. The trial court admitted the statement. The defense did use the argument of improper motive in closing.

■ Without regard to the closing argument, we think it apparent where the defense counsel suggests to the jury by cross

examination that the government's witness hopes to secure clemency by his testimony, that cross examination constitutes at least an implied charge of improper motive, and possibly also of recent fabrication. *United States v. Zito*, 467 F.2d 1401 (2d Cir.1972).

Montague argues that that reasoning should not apply in the present case because the government trial counsel had questioned Rustin about his guilty plea and motives for testifying on direct examination. Rustin testified on direct, as on cross, that he had pleaded guilty and did in fact hope that the judge would consider his truthful testimony at the time of sentencing. However, this does not affect the application of Rule 801(d)(1)(B). The government may anticipate that the defense will impugn the motive of a witness on cross examination in framing its direct. It may frame its direct so as to defuse that impugning without thereby surrendering its right to rebut defense charges of recent fabrication, improper influence, or motive thereafter made by the defense. *See United States v. Brennan*, 798 F.2d 581, 588 (2d Cir.1986) (government " 'impeachment' of its own witness" does not prevent the government from responding to appellant's impeachment of the same witness); *United States v. Allen*, 579 F.2d 531, 532–33 (9th Cir.1978) (government may rebut charge of recent fabrication even where such charge is suggested by the government's evidence, so long as the government's evidence is not introduced merely to enable the bolstering of its case with prior consistent statement).

■ In short, when a defense attorney pursues a line of questioning designed to impugn the motives of a witness, she assumes the risk that the government will introduce rebuttal evidence under Rule 801(d)(1)(B). *United States v. Simmons*, 567 F.2d 314, 321–22 (7th Cir.1977).

### 2. The Pre-existing Motive

■ Appellant makes a more serious argument against the admissibility of the statement by asserting that the prior statement was not admissible under Rule 801(d)(1)(B) because at the time he made

that statement, he had the same motive for fabrication as he did at trial.

It is true that there is some authority for the proposition that in order to be admissible under Rule 801(d)(1)(B), the prior statement must have been made before there was a motive to fabricate. The Second Circuit, in *United States v. Quinto*, 582 F.2d 224 (2d Cir.1978), opined that prior consistent statements to satisfy the conditions set forth in the Rule must meet the standards " 'in which rehabilitation through consistency would ... have been allowed,' " before the adoption of the Rule. *Id.* at 233, quoting 4 WEINSTEIN'S EVIDENCE, ¶ 801(d)(1)(B)[01], at 801–100. According to the Second Circuit's analysis, this required that "the statements were made prior to the time the supposed motive to falsify arose." 582 F.2d at 232. However, this proposition is far from universally accepted. As the Third Circuit stated in *United States v. DePeri*, 778 F.2d 963, 977 (3d Cir.1985), "[t]he timing of consistent prior statements divides the courts of appeals." The Seventh Circuit reached a conclusion consistent with *Quinto*, reasoning that Rule 801(d)(1)(B) establishes four requirements for the admissibility of testimony: (1) that the declarant testifies at trial; (2) the declarant be subject to cross examination; (3) the prior statement is consistent with the trial testimony; and (4) the testimony is offered to rebut a charge of improper motive. Where the prior statement was made after the initiation of the improper motive, the Seventh Circuit reasoned that it does not meet the fourth requirement. *United States v. Guevara*, 598 F.2d 1094, 1100 (7th Cir.1979).

Other circuits have expressed an uneasiness with the *Quinto* approach. The Sixth Circuit, in *United States v. Hamilton*, 689 F.2d 1262, 1273 (6th Cir.1982), treated the relationship of timing of the prior statement and the inception of the motive to falsify as a question of materiality, "not a hard and fast rule for admissibility." The Fourth Circuit, in *United States v. Henderson*, 717 F.2d 135, 139 (4th Cir. 1983), ruled that a statement made by a

witness after his arrest could still be used in rebuttal of a charge of improper motive, noting that the *Quinto* view "effectively swallows the rule with respect to prior consistent statements made to government officers ...," as such statements naturally follow arrest. In another 1983 decision, the Fourth Circuit suggested a distinction from *Quinto* where the testimony is offered "for the purpose of rehabilitating or supporting the at-trial testimony of a witness whose testimony has been subjected to possible impeachment." *United States v. Parodi*, 703 F.2d 768, 785 (4th Cir.1983) (citations omitted). In so doing, the Fourth Circuit noted that in a Second Circuit decision a few years after *Quinto*, a concurring judge stressed that

> *Quinto* itself was concerned only with the application of Rule 801(d)(1)(B) to the use of the prior statements as affirmative evidence and it did not present ... the [question] of admissibility when such statements are offered for the more limited purpose of rehabilitation.

*Id.*, citing *United States v. Rubin*, 609 F.2d 51, 68–69 (2d Cir.1979) (Friendly, J., concurring) (emphasis omitted). Neither in *Parodi* nor *Henderson* does the Fourth Circuit appear to foreclose the possibility of disavowing the *Quinto* rationale altogether, and even in the circuit that gave it birth, Judge Friendly's concurrence in *Rubin* goes on to note that the statement in *Quinto* was dictum in the first place. *United States v. Rubin*, 609 F.2d at 69 (Friendly, J., concurring).

The Fifth and Eleventh Circuits have long held "that the consistent statement need not have been made prior to the time that the alleged motive to fabricate arose." *United States v. Pendas–Martinez*, 845 F.2d 938, 942 n. 6 (11th Cir.1988). To the same effect, *e.g.*, *United States v. Anderson*, 782 F.2d 908, 915–16 (11th Cir. 1986); *United States v. Parry*, 649 F.2d 292, 295–96 (5th Cir. Unit B, June 1981); *United States v. Gandy*, 469 F.2d 1134 (5th Cir.1972).

We join the Fifth and Eleventh Circuits in holding that the prior consistent statement need not have preceded the appearance of the motive in order to render the statement non-hearsay under Rule 801(d)(1)(B). To hold to the contrary, as the Fourth Circuit noted, would bar almost totally the most common variety of such statements in the criminal context—that is, the admission of a cooperating defendant following arrest. *United States v. Henderson*, 717 F.2d at 139. More importantly, however, we rely on the reasoning of Judge Friendly in his *Rubin* concurrence adopted by the Fourth Circuit in *Parodi*. That is, "there is nothing expressly stated in the Rule itself which supports the view expressed in *Quinto* . . . ." *United States v. Parodi*, 703 F.2d at 785, citing *United States v. Rubin*, 609 F.2d at 68–69 (Friendly, J., concurring). The Rule in fact does set forth the four requirements noted by the Seventh Circuit in *Guevara* and listed by us above: (1) the declarant must testify at trial; (2) the declarant must be subject to cross examination; (3) the prior statement must be consistent with the trial testimony; and (4) the testimony must be offered to rebut a charge of recent fabrication or improper influence or motive. *United States v. Guevara*, 598 F.2d at 1100.

That all being said, however, it is not a foregone conclusion that every statement made after the initial possibility of improper motive is *per se* not admissible to rebut a charge that the trial testimony is motivated by that motive. Whether an arrestee giving a *Mirandized* statement shortly after his arrest corroborates the same person giving courtroom testimony after an implicit or explicit promise of leniency is a factual matter. While this case may not involve an identifiable promise of leniency, the *Quinto* rule would bar even the prior statement of a witness who had received such a promise—or even actual immunity.

We are sensitive to the opposite reduction to absurdity. That is, were we to rule that the temporal relationship between the making of the out-of-court declaration and the appearance of the improper motive has no relevance, then we might be breathing life into the specter that the United States Attorney or an FBI agent might question a witness a few minutes before he takes the stand in order to elicit a prior consistent statement for just the purpose of bolstering the trial testimony. Thus, instead of hearing the witness's statement once, through the mouth of a perhaps disreputable individual, the jury could hear it first directly and then again in the perhaps more credible voice of the FBI agent.

■ We do not see this as a real problem. We are not announcing a rule that the prior statement will always be admissible. The crossing of the four elemental stiles of Rule 801(d)(1)(B) involves much discretion on the part of the district judge. The trial court must determine in the first instance whether there has been a charge of recent fabrication, improper influence or motive, whether the statement rebuts it, and, for that matter, whether there is sufficient evidence that the witness made the prior statement in order to cross the initial thresholds of relevancy and materiality. *See United States v. Herring*, 582 F.2d 535, 541 (10th Cir.1978) ("trial court has discretion to determine whether the statement is being offered in rebuttal of the contention that . . . testimony is of recent fabrication or is brought about as a result of improper influence or motive.").

We further note that under Rule 403 of the Federal Rules of Evidence:

relevant[ ] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

As we noted on the last prior occasion that we visited this question, because the pre-existence of the motive and its influence on the prior statement are generally matters for a factfinder to determine, " 'the court should not exclude' " such statements as a matter of law. *United States v. Sampol*, 636 F.2d 621, 674 (D.C.Cir.1980) (quoting

*United States v. Grunewald,* 233 F.2d 556, 566 (2d Cir.1956), *rev'd on other grounds,* 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957)).

What we observed as dicta in *Sampol,* we now hold to be the law. The fact that a prior consistent statement was made after the appearance of a motive to fabricate does not render it *per se* outside the terms of Rule 801(d)(1)(B). There was no error in the admission of the prior statement in the present case.

3. Procedural Objection

██ Appellant also objects to the fact that the United States offered and the court admitted the statement, not through the testimony of Rustin, but that of a third party. That is, the officer who took the statement, identified it, and presented it to the jury. It is true that the Seventh Circuit stated in *United States v. West,* 670 F.2d 675, 687 (7th Cir.1982), that it was error to permit the introduction of a witness's prior statement through another witness's testimony. The Seventh Circuit's justification, argued by the appellant here, is that the Rule requires that the declarant be "subject to cross-examination concerning the statement...." Rule 801(d)(1)(B). Indeed, it does. But it does not require that the statement be introduced during the witness' direct or redirect testimony in order for the right of cross examination to be exercised. There is no indication in the record here that the defendant made any effort to recall Rustin for further cross examination following introduction of the statement.

We therefore hold that Rule 801(d)(1)(B) does not bar introduction of the prior consistent statement through a witness other than the declarant. We note that we join at least six other circuits in so holding. *See, e.g., United States v. Provenzano,* 620 F.2d 985, 1001–02 (3d Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Dominguez,* 604 F.2d 304, 311 (4th Cir.1979), *cert. denied sub nom. Sarmiento v. United States,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 644 (1980); *United States v. Allen,* 579 F.2d 531, 532 (9th Cir.), *cert. denied sub nom. Mitchell v. United States,* 439 U.S. 933, 99 S.Ct. 326, 58 L.Ed.2d 329 (1978); *United States v. Lanier,* 578 F.2d 1246, 1255–56 (8th Cir.) (statement made prior to motive arising), *cert. denied,* 439 U.S. 856, 99 S.Ct. 169, 58 L.Ed.2d 163 (1978); *United States v. Zuniga–Lara,* 570 F.2d 1286, 1287 (5th Cir.), *cert. denied,* 436 U.S. 961, 98 S.Ct. 3080, 57 L.Ed.2d 1128 (1978); *United States v. McGrath,* 558 F.2d 1102, 1107 (2d Cir.1977), *cert. denied,* 434 U.S. 1064, 98 S.Ct. 1239, 55 L.Ed.2d 765 (1978). The Seventh Circuit appears to be a minority of one to the contrary.

B. *The Limits on Cross Examination*

██ Montague further urges that the District Court erred in limiting his cross examination of Detective Lawrence Coates, the government's expert witness. The court had accepted the qualification of Coates as expert in the area of the use, packaging, and distribution of narcotics, and police procedures for handling narcotics. The defense attempted to cross examine Coates on the effect of crack cocaine on the user's memory and abilities of observation, apparently in an attempt to impeach the testimony of Rustin and another government witness. The government argued and the District Court ruled that Coates was not qualified to deliver medical opinions.

██ The subject of expert testimony under the Federal Rules of Evidence is governed by Rules 702–706. Rule 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The scope of the witness's field of expertise is "largely committed to the discretion of the trial court." *United States v. Carswell,* 922 F.2d 876, 878 (D.C.Cir.1991) (citation omitted). Where the cross examiner attempts to go far beyond the subject matter of the direct, we are not likely to find that the trial judge abused that discretion by imposing limits related to the scope of the direct examination. We do not so find here.

Indeed, even were we not dealing with a subject as plain as the difference in expertise between the packaging of drug materials and the medical effects of the drugs, the general rule of competency of Federal Rule of Evidence 611(b) limits cross examination to the subject matter of the direct examination and matters affecting the credibility of the witness. Here the limits placed by the judge are totally consistent with that Rule.

## III. CONCLUSION

For the reasons set forth above, we conclude that the trial court did not err in permitting the introduction of the prior consistent statement; in the manner in which the statement was introduced; or in the limitations placed on the cross examination of his expert witness. Therefore, the judgment of the District Court is

*Affirmed.*

WALD, Circuit Judge, concurring in the result and dissenting in part as to the rationale:

I concur in the panel opinion and in the result except for the rule it lays down for determining whether a pre-existing motive to fabricate renders inadmissible a prior consistent statement under Federal Rule of Evidence 801(d)(1)(B). Majority opinion ("Maj. op.") at 1096–99. I would follow the Fourth Circuit's decision in *United States v. Henderson,* 717 F.2d 135, 139 (4th Cir. 1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984), and distinguish between witness statements made before and after any plea or leniency bargaining has begun. *See also United States v. Stuart,* 718 F.2d 931, 934 (9th Cir.1983) ("introduction of prior consistent statements made prior to plea agreement was proper"). In other words, like the Fourth Circuit, I would find a prior statement inadmissible under Rule 801(d)(1)(B) if made during immunity, plea or leniency negotiations with the government because it is lacking in any probative weight to rebut a

charge that the witness is motivated to falsify testimony at trial because of that same deal with the government. *See* 4 JACK WEINSTEIN & MARGARET BERGER, WEINSTEIN'S EVIDENCE, ¶ 801(d)(1)(B)[01] (1991) ("Evidence that merely shows that the witness said the same thing on other occasions when his motive was the same does not have much probative force for the simple reason that mere repetition does not imply veracity."). The admissibility of a post-investigation or even post-arrest statement, on the other hand—like the one Rustin made in this case—which precedes any discussions with the government about leniency, pleas, immunity or the like, may appropriately be left up to the trial judge's general discretion in balancing its probativeness versus its prejudice under Rules 402 and 403.

Although Rule 801(d)(1)(B) does not explicitly deal with the timing vis-a-vis leniency or plea negotiations of a witness's prior consistent statement as a factor in evaluating its admissibility, common sense does not allow a judge to ignore it as a paramount consideration. Under the Federal Rules of Evidence, prior consistent statements of witnesses are generally inadmissible hearsay. Rule 801(d)(1)(B) provides a limited exception to that prohibition. According to the Rule, the prior consistent statement of a witness is admissible "to rebut" a charge that her in-court testimony is not trustworthy because of an "improper motive."[1] When the alleged motive to falsify in-court testimony is a promise from the government of leniency in exchange for the testimony, it is hardly plausible that any prior statement made during negotiations or after the leniency deal was struck could be material in *rebutting* that allegation. The fact that the witness said the same thing, at a time when the same alleged motive was operative, provides no counterweight to the charge that she is saying it now because of that motive. Thus, several other circuits have imposed a *per se* inadmissibility rule for statements made after the alleged motive for fabrication has arisen on the ground that their

---

1. Other rebuttal exceptions allowed under Rule 801(d)(1)(B) are to counter a charge of "recent fabrication" or "improper influence."

exclusion tracks the logic of Rule 801(d)(1)(B) itself. *See United States v. Simmons,* 923 F.2d 934, 943 n. 3 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2018, 114 L.Ed.2d 104 (1991) ("evidence may be admitted under [Rule 801(d)(1)(B)] to rebut charges of recent fabrication only when the statement in question was made before the declarant had a motive to fabricate"); *United States v. Davis,* 890 F.2d 1373, 1379 (7th Cir.1989), *cert. denied,* 493 U.S. 1092, 110 S.Ct. 1165, 107 L.Ed.2d 1068 (1990) (one of the "conditions which must be met before a prior consistent statement may be admitted as nonhearsay under Rule 801(d)(1)(B) ... [is that the] 'statement must have been made before the declarant had a motive to fabricate' ") (quoting *United States v. Monzon,* 869 F.2d 338, 342–43 (7th Cir.1989)); *United States v. Bowman,* 798 F.2d 333, 338 (8th Cir.1986), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 906, 93 L.Ed.2d 856 (1987) ("better rule imposes a requirement that the consistent statement must come before the motive to fabricate existed").

The majority, however, aligns this circuit with the minority view taken by the Fifth and Eleventh Circuits "that the consistent statement need not have been made prior to the time that the alleged motive to fabricate arose" to be admissible. *See United States v. Pendas–Martinez,* 845 F.2d 938, 942 n. 6 (11th Cir.1988); *United States v. Parry,* 649 F.2d 292 (5th Cir.1981). I find preferable the approach taken by the Fourth Circuit in *United States v. Henderson,* 717 F.2d at 135, a case factually similar to this case. During cross-examination at trial Henderson's counsel implied that a witness's in-court testimony was "fabricated ... against Henderson in return for leniency" from the government. *Id.* at 138. In order to rebut that charge, the government introduced as evidence a prior statement of the witness, made to government agents after his arrest, that was consistent with his in-court testimony. Henderson argued that this prior consistent statement should have been inadmissible because the witness, having already been arrested, had the same motive to fabricate when he made the prior statement. The court, following Fourth Circuit prece-

dent "accepted the gloss on Federal Rule of Evidence 801(d)(1)(B) that a prior consistent statement is admissible under the rule only if the statement was made prior to the time the supposed motive to falsify arose," *id.,* but accepted the government's argument that because the prior statement was made before discussions for leniency began, it was not tainted with the same motive as it would have been if it were made during or after such negotiations. A witness's statement made to government authorities after an arrest but before any indication from the government that the witness will be given favorable treatment or leniency in exchange for the testimony does in fact rebut the charge that the witness is motivated to fabricate her testimony in exchange for the lenient treatment, and thus meets the conditions for admissibility under Rule 801(d)(1)(B). I would apply the same reasoning here.

Thus, I agree that the district court did not err in admitting Rustin's prior statement, but I disagree with the majority's adoption of a rule that would permit, albeit after a balancing exercise of probativeness versus prejudice, the admission of prior consistent statements for rebuttal purposes even when the prior statement was made at a time when the same alleged improper motive had arisen. Up to now this court has had no such rule, *see, e.g., United States v. Sampol,* 636 F.2d 621, 670–74 (D.C.Cir.1980), and I do not believe we should adopt one now.