Ricky **FIELDS**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 94–CA–1220–MR.

Court of Appeals of Kentucky.

Sept. 1, 1995.

John F. Faust, Jr., Hazard, for appellant.

Chris Gorman, Attorney General, Elizabeth A. Myerscough, Assistant Attorney General, Frankfort, for appellee.

Before HOWERTON, JOHNSON and SCHRODER, JJ.

HOWERTON, Judge.

Ricky Fields appeals from a judgment of the Letcher Circuit Court finding him guilty of first-degree sexual abuse and second-degree unlawful imprisonment. He was sentenced to three years in prison on the first offense and one month in prison on the latter offense. Fields contends that the trial court erred to his substantial prejudice when it allowed the Commonwealth to enhance the victim's testimony by introducing on rebuttal a prior consistent statement made by her. We agree and reverse.

The alleged victim was a fifteen-year-old who was dating Fields' step-son, and who often visited in the Fields' home. Occasionally she spent the night, at which times Fields allowed her to sleep with his step-son.

After spending the night with her boyfriend at the Fields' home on March 15, 1992, the victim arose early and entered the kitch-en where Ricky Fields was standing. She testified that after a short discussion, he grabbed her, forced her into his bedroom, locked the door, and threw her onto his bed. She further testified that Fields put his hand inside her gown and fondled her breasts. He then put his hand inside her shorts and underpants and inserted two fingers in her vagina. After a few minutes, she was allowed to leave, and returned to her bedroom.

It was several weeks later that the victim related the events of March 15 to her boyfriend. He did not believe her and refused to continue to date her. She was dismayed at his reaction and called several times trying to persuade him to reconsider. A witness for the defense testified that after one of these phone calls the victim vowed to "get even".

In rebuttal to this testimony, the Commonwealth presented, over objection, a prior consistent statement of the victim taken by a social worker with the Cabinet for Human Resources in whom the victim had confided several weeks after the alleged abuse. The court allowed the testimony under KRE 801A(a)(2) as rebuttal of allegations of recent fabrication or motive.

Fields was found guilty of first-degree sexual abuse in violation of KRS 510.110 and sentenced to three years on that count. He was also found guilty of unlawful imprisonment second degree in violation of KRS 519.030 and sentenced to one month on that count. Upon the court's denial of his motion for a new trial, Fields prosecuted this appeal.

■ We begin our inquiry with the contention that the allegation of error was not preserved for review. The Commonwealth claims that Fields only objected to the introduction of the prior consistent statement as substantive evidence and that the objection was not made for the purpose of excluding the testimony to the extent it was offered to counter impeachment (to bolster the testimony of the victim). The Commonwealth points to Fields' request for an admonition that the statement might be considered only to reflect on credibility as an indication that the objection was limited.

We find the Commonwealth's argument to be a distinction without a difference. As will

be shown below, the statement was inadmissible for either purpose. Fields clearly made his objection known as to at least one of those purposes, and it should have been sustained.

■ We now turn our attention to the substantive issue—whether KRE 801A(a)(2), which became effective July 1, 1992, and is identical to FRE 801(d)(1)(B), should be interpreted as abrogating the common law pre-motive rule. We agree with the recent United States Supreme Court decision in *Tome v. United States,* — U.S. —, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), that it should not.

KRE 801A provides as follows:

(a) ... A statement is not excluded by the hearsay rule, even though the declarant is available as a witness, if the declarant testifies at the trial or hearing and is examined concerning the statement, with a foundation laid as required by KRE 613 and the statement is:

. . . .

(2) Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. . . .

Fields argues that this rule has long been interpreted by Kentucky courts as allowing prior consistent statements by a witness only when the prior statement was made before the alleged fabrication, influence, or motive came into being. *See Eubank v. Commonwealth,* 210 Ky. 150, 275 S.W. 630 (1925), and *Bussey v. Commonwealth,* Ky., 797 S.W.2d 483 (1990). The Commonwealth counters by asserting that the temporal limitation should be abandoned. It notes that because KRE 801A is identical to FRE 801(d)(1)(B), we should be guided by the decisions of the federal courts in interpreting this rule.

Several circuits have indeed rejected the common law pre-motive rule and refused to apply it to the Federal Rules of Evidence. *See United States v. Montague,* 958 F.2d 1094 (D.C.Cir., 1992), and *United States v. Tome,* 3 F.3d 342 (10th Cir. 1993). Because of a split among the circuits, the United States Supreme Court granted *certiorari* in *Tome* to decide this question. In that decision the Court held that a declarant's consistent out-of-court statement may be admitted into evidence in order to rebut a charge of recent fabrication or improper influence or motive only if those out-of-court statements were made prior to the charged recent fabrication or improper influence or motive. A divided Court reasoned that where the Federal Rules of Evidence have departed from their common-law antecedents, the Advisory Committee has generally said so and there is no indication in the notes that FRE 801 was intended to depart from the common-law pre-motive rule. The Court further explained that the mere fact that a prior consistent statement may have some indirect relevance in rebutting a charge of recent fabrication or of improper influence or motive is not sufficient basis for admitting the out-of-court statements over hearsay objections, even though statements postdate an alleged fabrication or improper influence or motive. Relevance is not the sole criterion of admissibility of evidence.

To a degree, all prior consistent statements tend to corroborate the testimony of a witness. KRE 801A(a)(2) preserves the concept that the problems of admitting this testimony outweigh its cumulative probative effect except in certain instances. One such instance is where the claim is made that collateral events or motives have caused the testimony to be untrustworthy. A consistency in the statements of the witness at times when the improper influence or motive claimed could not have been a factor in establishing the trustworthiness of the statements provides sufficient corroboration to justify an exception to the hearsay rule. Prior consistent statements at other times do not.

Where the credibility of a witness is in issue as a result of improper influence or motive, prior consistent statements which are unaffected by that influence or motive would not serve to elicit the truth any more than would such statements if they were introduced to buttress testimony called into issue as a result of faulty memory, inability to observe, or any of the host of other reasons for challenging testimony. To permit the introduction of such statements would be to

analyze the words the statements contain without any concern for their ultimate purpose.

In the present case, there is no contention that the prior statement of the victim, introduced by the Commonwealth by way of the testimony of the social worker, predated any motive for her story. The victim told no one about the alleged sexual abuse before Fields' step-son broke off his relationship with her. Fields contends that this breakup was the motive behind her accusations against him. Anything she told the social worker postdated the time the motive came into being.

The judgment of the Letcher Circuit Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.