Harold L. FRYE, II, Appellant–Plaintiff,

v.

AMERICAN PAINTING COMPANY, Appellee–Defendant.

No. 41A01–9405–CV–161.

Court of Appeals of Indiana, First District.

Nov. 22, 1994.

Glenn E. Davis, Jr., Davis Davis & Langan, Indianapolis, for appellant.

Thomas C. Hays, Richard K. Shoultz, Lewis & Wagner, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Harold Frye, II, appeals the adverse summary judgment entered in his lawsuit against the American Painting Company [American] alleging that American negligently hired and/or retained an employee, Robert Hicks, who burglarized, stole property from, and set fire to, Frye's home after business hours.

Frye raises two issues, but because one requires that we reverse, we address it only. Restated, it is:

> Whether there is a genuine issue of material fact regarding whether American negligently supervised or retained Hicks in its employment?

## FACTS

The facts in the light most favorable to nonmovant, Frye, reveal that American hired Hicks as a painter on April 30, 1991. Eleven days later, Hicks committed a burglary, theft, and arson, in the apartment of his former girlfriend. Hicks had previously threatened and beaten the woman. The woman had obtained restraining orders against Hicks, which he apparently violated when he committed the burglary at her apartment. When the police attempted to arrest Hicks, he fled in a van owned by American. Even though he had possession of American's van, Hicks did not have a valid driver's license as his had been suspended. When Hicks was apprehended, he was in possession of a bag of marijuana.

Despite its knowledge of the details of the above crimes, American continued to employee Hicks. One of American's owners arranged to have American's attorney represent Hicks with respect to the criminal charges arising out of the arson of Hicks' former girlfriend's apartment.

The quality of Hicks' work had been poor, as had been his work attendance. On one occasion, when American was working on a "project of paramount importance," Hicks arrived at the job site so hung over he was unable to work. He left the job and did not report to American for over twenty-four hours. Despite his poor work record, Hicks had been promoted to the position of crew leader.

Plaintiff–Appellant, Frye, contracted with American to paint the inside of his home. On January 4, 1992, American's foreman and Hicks were painting in Frye's house. Hicks rifled through one of Frye's closets and discovered some cash and credit cards. The foreman told Hicks to put the property back, and admonished him that he had no right to go through Frye's personal belongings. The foreman did not know whether Hicks returned the cash and credit cards at that time. The foreman and Hicks left Frye's house for the day about 5:00 p.m. and had intended to return the following day to resume painting.

That night, Hicks burglarized and set fire to Frye's home. Also that night, Hicks used credit cards stolen from Frye's home.

Frye brought the present lawsuit against American alleging that American's negligent hiring and/or retention of Hicks resulted in damages to his home, furnishings, and personal property, in the amount of approximately $176,000.00. American moved for summary judgment.

In resistance to summary judgment, Frye submitted the affidavit of a professor at the Indiana University School of Business who was represented to be an expert in the field of employers' standard of care in the hiring, retaining, and supervision of employees. This expert opined that American breached the standard of care owed to Frye, that American "had an obligation to either terminate Hicks' employment or provide such supervision of him as would be necessary to prevent losses to [American's customers]."

The trial court entered summary judgment in favor of American. This appeal ensued.

## DECISION

On appeal from the grant of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corporation v. Waltz* (1991), Ind., 574 N.E.2d 913. On appeal, however, the party which lost in the trial court has the burden to persuade the appel-

late tribunal that the trial court's decision was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the nonprevailing party is not improperly prevented from having his day in court. *Id.*

■ Summary judgment must be denied if the resolution hinges upon state of mind, credibility of the witnesses, or the weight of the testimony. *Richter v. Klink Trucking, Inc.* (1992), Ind.App., 599 N.E.2d 223, *trans. denied.* Mere improbability of recovery at trial does not justify the entry of summary judgment against the plaintiff. *Id.* On a motion for summary judgment, the evidence must be construed in favor of the nonmovant, and any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. *Wright v. Carter* (1993), Ind.App., 609 N.E.2d 1188.

■ Summary judgment is rarely appropriate in negligence actions. *McKinney v. Public Service Co.* (1992), Ind.App., 597 N.E.2d 1001, *trans. denied.* Liability in tort must be predicated upon proximate cause. *Id.* Foreseeability of ultimate injury as the natural and probable consequence of the act or omission complained of is determinative of the existence of proximate cause. *Adams Township of Hamilton County v. Sturdevant* (1991), Ind.App., 570 N.E.2d 87, *trans. denied.* A general principle of negligence law is that the actor need not foresee the exact manner in which the harm occurs but must, in a general way, foresee the injurious consequences of his act or omission. *Rauck v. Hawn* (1990), Ind.App., 564 N.E.2d 334. The determination of what is reasonably foreseeable is not judged by the subjective opinions of those involved, but is based upon the standard of due care in avoiding a result which might reasonably have been anticipated in the ordinary experience of men. *Harper v. Guarantee Auto Stores* (1989), Ind. App., 533 N.E.2d 1258, *trans. denied.*

■ Frye argues that once American learned that Hicks had burglarized and set fire to his former girlfriend's house, it was on notice of Hicks' propensity to commit acts of burglary, theft, and arson and was therefore under a duty to exercise reasonable care to protect its customers from these violent propensities. Frye suggests that, once American learned of the first arson, it breached its duty of care owed by retaining Hicks in its employment. Frye argues that American's negligence was the proximate cause of the damages to his property reasoning that, had American terminated Hicks after the first burglary/arson, Hicks would never have been permitted into Frye's home and would not have returned after working hours to burglarize and burn the home. We agree.

■ Indiana recognizes the tort of negligent retention. *Fields v. Cummins Employees Federal Credit Union* (1989), Ind.App., 540 N.E.2d 631; *Pursley For Benefit of Clark v. Ford Motor Company* (1984), Ind. App., 462 N.E.2d 247, *trans. denied; Parr v. McDade* (1974), 161 Ind.App. 106, 314 N.E.2d 768. Indiana has adopted the *Restatement (Second) of Torts* § 317, applicable in such cases. *Id.* Section 317 reads as follows (pertinent part only):

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others ..., if
>
> (a) the servant
>
> (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, ..., and
>
> (b) the master
>
> (i) knows or has reason to know that he has the ability to control his servant, and
>
> (ii) knows or should know of the necessity and opportunity for exercising such control.

Comment:

\* \* \* \* \* \*

> *c. Retention in employment of servants known to misconduct themselves.* There may be circumstances in which the only effective control which the master can exercise over the conduct of his servant is to discharge the servant. Therefore the master may subject himself to liability under the rule stated in this Section by re-

taining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others. This is true although he has without success made every other effort to prevent their misconduct by the exercise of his authority as master.

No Indiana case cited by either party, or of which we are aware, controls the resolution of the present case. We have examined the cases discussed under the Annotation, *Employer's Liability For Assault, Theft, or Similar Intentional Wrong Committed By Employee At Home Or Business Of Customer*, 13 A.L.R.5th 217.

In *Coath v. Jones* (1980), 277 Pa.Super. 479, 419 A.2d 1249, an electronic service company employee had been admitted to the plaintiff/victim's residence on an earlier occasion by virtue of his employment. After having been terminated by the employer, the employee returned to the victim's residence and assaulted her. The *Coath* Court held that an employer may properly be held negligent if the employer knew or should have known that its employee had a propensity for violence and his employment might create a situation in which a third person could be harmed by the employee. 419 A.2d at 1250. The *Coath* court held further that if the employer could have foreseen that the employee could attack a customer in her home because he had been admitted there on the earlier occasion, the employer would be under a duty to warn the customer regarding the employee after terminating his employment. 419 A.2d at 1252.

Similarly, in *Tallahassee Furniture v. Harrison* (1991), Fla.App., 583 So.2d 744, the employee delivered furniture to the plaintiff/customer's home. Several months later, the employee returned to the customer's home, gained entry on a pretext, and attacked her, stabbing her in the face and raping her. The *Harrison* court upheld a judgment in favor of the customer under the theory of negligent hiring or retention, noting that the sole contact between the employee and the customer prior to the attack was on the occasion of the furniture delivery when the employee was acting for the employer. 583 So.2d at 755, 756. The *Harri-*

*son* court noted the employer had been, or should have been, on sufficient notice of the employee's criminal propensities and drug addiction to inquire further into the employee's background which would have revealed, among other things, that the employee had stabbed his former wife in the face. 583 So.2d at 758. The *Harrison* court noted that in these times it would seem almost unnecessary to require proof of the correlation between a person's history of violent behavior, drug addiction, and mental illness, and that person's propensity for future dangerousness, but that the victim had supported her case with expert testimony. 583 So.2d at 757.

The present case turns on an analysis of the foreseeability of Hicks' destruction of Frye's property or upon the proximate cause of Frye's damages. In an action for the negligent retention of an employee, evidence of prior similar actions committed by an employee are often admissible to establish the employer's actual or constructive knowledge of the employee's propensity to commit a later act of violence. *Tindall v. Enderle* (1974), 162 Ind.App. 524, 320 N.E.2d 764.

In the present case, American had knowledge that Hicks had committed a burglary, theft, and arson, upon his former girlfriend's apartment—crimes which were remarkably similar to the crimes committed against Frye. A reasonable jury could find that American was also aware that Hicks' competence and stability were at least occasionally impaired by alcohol abuse. Moreover, Frye supported his claim with expert testimony. The questions of whether American should have foreseen that Hicks posed a danger to its customers and whether it breached its duty to Frye by retaining Hicks in its employment should be resolved by a jury. Therefore, we must reverse and remand for trial.

Judgment reversed.

NAJAM and CHEZEM, JJ., concur.