The defendant, Sergei Dyer, appeals from his conviction of possession of a firearm without a license. See G. L. c. 269, § 10(a ). We discern in the defendant's various claims of error no cause to disturb the judgment, and affirm.
The defendant first assigns error to the trial judge's instruction on proof beyond a reasonable doubt. Because the defendant did not object to the instruction, we consider whether there was an error and, if so, whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Noble, 429 Mass. 44, 47 (1999). The judge gave a verbatim recitation of the model jury instruction on proof beyond a reasonable doubt, see Commonwealth v. Russell, 470 Mass. 464, 477-478 (2015), and then stated that it "has application to each of the elements that the defendant faces, to the elements of the charge the defendant faces." This instruction adequately informed the jury that the Commonwealth had to prove each and every element of the crime charged beyond a reasonable doubt. That the judge did not explicitly state that the Commonwealth had to prove "each and every element" beyond a reasonable doubt, did not render the instruction inadequate or unconstitutional. See Commonwealth v. Anderson, 425 Mass. 685, 689 (1997) ("[N]o precise formulation is require to advise the jury of the Commonwealth's burden of proof").
The defendant also contends that the Commonwealth failed to present sufficient evidence as to the "firearm" element of the crime charged. Although the parties signed a stipulation that the rifle seized by the police was a firearm within the meaning of Massachusetts law, the defendant asserts that the judge's instruction to the jury that they "can consider that, that they have stipulated to that element," was error. The argument is without merit. The stipulation was properly entered in evidence and nothing in the judge's instructions diminished the legal effect of the stipulation or otherwise removed it from the jury's consideration.[2] In light of the validly entered stipulation, the Commonwealth was not required to do anything else to prove the firearm element. See Commonwealth v. Ortiz, 466 Mass. 475, 481 (2013) ("[W]here the defendant has entered a stipulation with the Commonwealth as to the existence of an element of the crime being tried, the Commonwealth at least is relieved of the burden of introducing evidence other than the stipulation itself to prove that element").
Also without merit is the defendant's assertion that Sergeant Monaco's testimony, that he "would classify" the firearm found in the defendant's vehicle "as an assault rifle," created a substantial risk of miscarriage of justice. Because the testimony was elicited by defense counsel on cross-examination "he cannot now complain of its prejudicial effect." Commonwealth v. Perez, 405 Mass. 339, 344 (1989), quoting from Commonwealth v. Elder, 389 Mass. 743, 754 (1983). The comment itself was also brief and there was overwhelming other evidence of the defendant's guilt. See id. at 345 n.8 (defendant was not prejudiced by officer's mug shot remark on cross-examination where remark was fleeting and isolated and there was substantial evidence of defendant's guilt). Moreover, the additional descriptive detail characterizing the firearm as an assault rifle was immaterial, insofar as it did not bear on any element of the charged offense. There was no substantial risk of a miscarriage of justice.
There is likewise no merit in the defendant's claim of error in the denial of his motion to suppress evidence seized during the stop of his motor vehicle. In his police report, Sergeant Monaco stated that the vehicle "had not passed a Mass[achusetts] inspection." At the hearing on the motion to suppress, however, Monaco testified that he was not sure if the vehicle had not been inspected since being registered or had failed an inspection, and could not recall if the vehicle had an inspection sticker.[3] The distinction is immaterial, because the police would have been justified in stopping the vehicle in either circumstance. See Commonwealth v. Goewey, 452 Mass. 399, 407 (2008) (traffic stop warranted where car did not have valid inspection sticker). To the extent that the defendant argues that Sergeant Monaco was made privy to specific information via his data terminal that the car had been rejected for an inspection only for emissions, making the stop unlawful, there was no evidence to that effect presented at the hearing on the motion to suppress.
The defendant's argument that his trial counsel was ineffective is presented for the first time in this direct appeal.[4] In any event, to the extent the defendant's contention rests on the premise that the defense strategy at trial is not recognized under Massachusetts law and is expressly disallowed by statute, it is inadequate to establish ineffective assistance because the defendant does not describe any viable defense that counsel could have made to the jury in the alternative.
The defendant next contends that the prosecutor misstated the law when he argued to the jury that an FID card allowed a person to "own a gun in [his] house," but did not allow that person to carry a firearm outside the home. Because the defendant did not object to any of the statements in the closing argument he now challenges, he is entitled to relief only if the statements were improper and created a substantial risk of a miscarriage of justice. See Commonwealth v. Staines, 441 Mass. 521, 535 (2004). In order to determine whether remarks made by the prosecutor during closing argument are improper, the court considers the remarks "in light of the entire argument, the judge's instructions, and the evidence at trial." Commonwealth v. Burns, 49 Mass. App. Ct. 677, 679 (2000). Contrary to the defendant's contention, the prosecutor's statement was an accurate statement of the law. General Laws c. 269, § 10(a )(1), makes it a crime for a person to "knowingly ha[ve] in his possession; or knowingly ha[ve] under his control in a vehicle" a firearm without "being present in or on his residence or place of business" or having a license to carry. G. L. c. 269, § 10(a )(1), as amended through St. 1990, c. 511, § 2. In any event, any potential confusion was remedied by the judge's instructions to the jury on the elements of unlawfully carrying a firearm, including instructing the jury on an FID card and a license to carry.
Finally, the defendant's constitutional arguments based on the Second Amendment are meritless.[5]
Judgment affirmed.

The stipulation was read in evidence and marked as an exhibit before the close of evidence. Thus, the stipulation was properly before the jury to consider.

Sergeant Monaco was monitoring traffic and running license plates as vehicles drove by. At some point, the defendant's vehicle drove by and he ran the license plate which is how he obtained the registration information and learned that the vehicle did not have a valid inspection sticker. Based on this information, Sergeant Monaco pulled the vehicle over.

We note that "an ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by the defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).

The defendant's contention that the right to bear arms under the Second Amendment of the United States Constitution extends to possession of a firearm outside the home and that requiring a license to carry violates that right has been consistently rejected. See Commonwealth v. Perez, 80 Mass. App. Ct. 271, 282 (2011). The defendant is precluded from constitutionally attacking the validity of the statute under which he was convicted because he does not allege that he ever applied for a license to carry or was denied licensure. See Commonwealth v. Jones, 83 Mass. App. Ct. 296, 301 (2013). In any event, the Second Amendment does not prohibit the Commonwealth from regulating the possession or carrying of firearms with "appropriate licensing requirements." See Commonwealth v. McCollum, 79 Mass. App. Ct. 239, 258 (2011).